**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

MOHAMMAD MOMENNIA,              )
                               )
          Petitioner,          )
                               )
v.                             )          Case No. CIV-25-1067-J
                               )
PAMELA BONDI, ATTORNEY GENERAL, )
et al.,                        )
                               )
          Respondents.         )

## ORDER

Petitioner filed a Verified Petition for Writ of Habeas Corpus [Doc. No. 1].  The matter was referred to United States Magistrate Judge Amanda L. Maxfield who entered a Report and Recommendation recommending that (1) the Verified Petition for Writ of Habeas Corpus be granted to the extent it requests habeas relief under 28 U.S.C. § 2241, (2) Respondents release Petitioner from custody immediately, subject to an appropriate Order of Supervision, and (3) the pending Emergency Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 3] and Motion for Summary Decision Granting Writ and/or TRO Motion [Doc. No. 11] be denied as moot.  The parties were advised of their right to object to the Report and Recommendation by October 22, 2025.  Respondents filed an objection [Doc. No. 19] which triggers de novo review, and Petitioner filed a response to Respondents' objection [Doc. No. 20].

In the Report and Recommendation, Judge Maxfield concludes that Petitioner's indefinite detention under 8 U.S.C. § 1231(a)(6) violates Petitioner's Fifth Amendment due process rights, pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001).[1]  In *Zadvydas*, the Supreme Court concluded

---

[1] In the Report and Recommendation, Judge Maxfield also concludes that United States Immigration and Customs Enforcement (ICE) has violated its own regulations by continuing to detain Petitioner.  Because the Court is adopting Judge Maxfield's conclusion that Petitioner's

that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Zadvydas*, 533 U.S. at 699.  The Supreme Court further found:

> After this 6-month removal period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.  And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink.

*Id.* at 701.

In the Report and Recommendation, Judge Maxfield finds that Petitioner has met his burden of providing good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future and that Respondents have not rebutted Petitioner's showing.  In their objection, Respondents assert that Judge Maxfield's finding improperly relies on events from 2004 and a claim that is not supported by plausible allegations of fact.  Having reviewed the court file, the Court concurs with Judge Maxfield's finding.  It is undisputed that Petitioner has been detained over six months.  Additionally, based upon the information obtained in both Petitioner's prior attempted removal and the current attempted removal, Petitioner has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.  It is undisputed that Petitioner previously applied for travel documents from Iran, was denied, and was told his name shows up as belonging to a deceased person in Iran's system and that when travel documents were requested in April, 2025, the Iranian Interest Section denied the request, stating that either an original Iranian birth certificate or an original Iranian passport, neither of which Petitioner has, must be submitted.[2]  Respondents attempt to rebut this showing by relying

---

indefinite detention violates his Fifth Amendment due process rights, the Court declines to address Judge Maxfield's alternative conclusion.

[2] Respondents appear to concede that there is no significant likelihood of removal of Petitioner to Iran in the reasonably foreseeable future, noting in their objection that "given Iran's bureaucratic

on the fact that the State Department, DHS, and ICE are working together on a third-country removal and assert that removal is, therefore, likely in the reasonably foreseeable future. Respondents, however, have not identified any countries with which any level of progress has been made toward obtaining the country's acceptance of Petitioner.

Finally, Respondents assert that immediate release is not appropriate because Petitioner was deemed a threat to public safety. This assertion, however, is belied by the record in this case. On March 18, 2004, Petitioner was released from detention on an Order of Supervision (OOS). Petitioner remained on that OOS, and completed regular check-ins with ICE, for over twenty years. On March 28, 2025, ICE re-detained Petitioner at one such check-in.

Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 18], GRANTS Petitioner's Verified Petition for Writ of Habeas Corpus to the extent it requests habeas relief under 28 U.S.C. § 2241, ORDERS Petitioner be released from custody immediately, subject to an appropriate Order of Supervision,[3] and DENIES Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 3] and Motion for Summary Decision Granting Writ and/or TRO Motion [Doc. No. 11] as MOOT.

IT IS SO ORDERED this 27th day of October, 2025.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE

---

obstacles, 'ERO's Headquarters Office is currently working on removing Momennia to a third country.'" Respondents' Objection to Report and Recommendation [Doc. No. 19] at 7.
[3] 8 C.F.R. § 241.5 governs the issuance and conditions of orders of supervision.